IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.: 15-07088 (BKT) |
|---|---|
| AMERICAN AGENCIES CO., INC. | |
| Debtor in Possession | CHAPTER 11 |
| IN RE: | CASE NO.: 15-07090 (BKT) |
| NEW STEEL, INC. | |
| Debtor in Possession | CHAPTER 11 |

URGENT MOTION FOR USE OF THE CASH COLLATERAL
AND FOR APPROVAL OF INTERIM ORDER[1]

TO THE HONORABLE COURT:

COME NOW, American Agencies Co., Inc. and New Steel, Inc. (hereinafter the "Debtors") through the undersigned attorney and very respectfully STATES and PRAYS:

INTRODUCTION

On September 15, 2015 ("Petition Date"), the Debtors filed for relief under the provisions of Chapter 11 of the Bankruptcy Code (Docket No. 1). The Debtors are corporations duly authorized to do business in the Commonwealth of Puerto Rico. Both entities serve a common purpose and were created so that they could act as separate branches of the same business enterprise. New Steel, Inc., is dedicated to the manufacture of steel structures and American Agencies Co., Inc., is dedicated mainly to the sale and assembly of the steel structures made by New Steel, Inc.

---

[1] The Debtors have requested the substantive consolidation of both cases.

1

American Agencies Co., Inc. is also dedicated to the purchase and sales of metal doors and architectural hardware used in large scale construction projects like the Mall of San Juan, Army Readiness Center in Fort Buchanan, Plaza Las Américas, Beltz Outlets, Puerto Rico Convention Center and the Metropolitan Hospital, among others.   It is also New Steel, Inc.'s sole client.

Prior to the filing of the bankruptcy petition the Debtors entered into a financial obligation with Banco Popular de Puerto Rico ("BPPR") for a revolving loan.  The same are guaranteed, among other things, with the accounts receivables and inventory of the Debtors.  Due to the downturn in the construction business that has been affecting the local economy for the past years, the Debtors will not be able to continue with full operations and be able to comply with their financial commitments with BPPR and other creditors.  Therefore, the Debtors had no other alternative than to file for relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code, in order to reorganize their finances, guarantee their current operations and the payment to creditors.

The Debtors needs on urgent basis that this Honorable Court authorize them to use the cash collateral in order to be able to continue operations, purchase inventory, pay their payroll, rent, utilities, preserve the collateral, pay professionals and other related expenses.  This is in the benefit of all parties, including BPPR.  The allowance of the use of the cash collateral will guarantee the preservation of the assets of the estate, the current operations and sales, which are the source of the cash collateral.

The Debtors hereby move this Honorable Court, pursuant to Sections 105, 363 and 503(b) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 4001(b), and 9014, for the entry of the following orders:

a.  An order authorizing the interim use of the cash collateral as detailed in the budget

2

included herein as **Exhibit 1**.

b. To schedule a hearing to consider Debtors' request of permanent use of cash collateral.

c. A permanent order authorizing use of cash collateral in the ordinary course of the Debtors' business until the Confirmation of Debtor's Plan of Reorganization as detailed in the budgets included herein as **Exhibit 2**.

d. An order granting replacement liens on Debtors' assets in favor of BPPR, but only to the extent described in this Motion, to provide adequate protection for its cash collateral;

## FACTUAL BACKGROUND

1. The Debtors are corporations duly authorized to do business in the Commonwealth of Puerto Rico, which have been dedicated since 1984 as components of a mutual business enterprise, to the production, purchase, sales and installation of structural steel, metal doors and architectural hardware used in large scale construction projects.

2. Both entities serve a common purpose and were created so that they could act as separate branches of the same business enterprise. New Steel, Inc., is dedicated to the manufacture of steel structures and American Agencies Co., Inc., is dedicated mainly to the sale and assembly of the steel structures made by New Steel, Inc.  American Agencies Co., Inc. is New Steel, Inc. sole client.

3. American Agencies Co., Inc. is also dedicated to the purchase and sales of metal doors and architectural hardware used in construction projects.   It represents and distributes lines like Pioneer, Cornell, Overly, Marshfield, Knickerbocker, Hager, Trimco, Pemko, Omnia and Sargent, among others.

3

4. Their combined experience and reputation in the industry have allowed the Debtors to be engaged in projects like the Mall of San Juan, Army Readiness Center in Fort Buchanan, Plaza Las Américas, Beltz Outlets, Puerto Rico Convention Center and the Metropolitan Hospital, among others.

5. The Budget submitted herein as Exhibit 1 in support to the Use of Cash Collateral for the interim period of fifteen (15) days, details the necessary expenses the Debtors need to cover the immediate and necessary expenses of the operations, including among others, the payment of its payroll of its employees.

*The BPPR Loan Transactions*

6. Prior to the filing of the bankruptcy petition the Debtors entered into several financial obligations with BPPR in order to fund their operations. As of the filing date the records of the Debtors reflect a debt to BPPR in the amount of $2,538,940.00. Please refer to Schedule D at Docket 1.

7. American Agencies Co., Inc. has scheduled inventory and account receivables for the total amount of $4,586,614.23. Please refer to Schedule B, items 16 and 30 at Docket 1 in case 15-07088.

8. New Steel, Inc. has scheduled inventory for the amount of $2,340,989.00. Please refer to Schedule B, items 30 at Docket 1 in case 15-07090.

9. As a guarantee to the fulfillment of the credit agreement, the Debtors executed a security agreement where they pledged as collateral to the loan their inventory and account receivables, among other assets. This provision of the security agreement defines BPPR's "cash collateral" under Section 363(a) of the Bankruptcy Code. 11 USC 363.

10. The income stream arising from the collection of the account receivables and the use of the

4

inventory, may qualify as "cash collateral" pursuant the provisions of 11 U.S.C. Section 363(a).

11. The Debtors, for the reasons stated above, herein request authorization to use the cash collateral on an interim basis and according to the budget included as Exhibit 1, in order to maintain their operations, preserve the estate, pay their payroll, purchase inventory, rent, utilities and all other necessary expenses therein included. The Debtors also request that, after notice and a hearing, they be allowed the permanent use of the cash collateral submit as provided for in the budget included as Exhibit 2.

## THE FACTS THAT SUPPORT THE REMEDY REQUESTED

12. The Debtors are in urgent need to keep current the expenses mentioned above during this interim period in order to avoid any disruption to their operations and move forward in their reorganization process. A detailed budget of Debtors' interim operating expenses needed for the next fifteen (15) days while a final order on Debtors' request for a permanent use of cash collateral is entered. Enclosed as Exhibit 1, is a budget that details Debtors' interim expenses.

13. The payment of these expenses is in jeopardy if the Debtors are not authorized to make the same from the cash collateral. The cash collateral is as of this time Debtors' sole source of income. Therefore, without the ability to use the same the Debtors will be unable to provide for these expenses and may be forced to cease operations.

14. In the event the expenses detailed herein are not paid, the bankruptcy estate, the employees of the Debtors, the clients and even BPPR's collateral will suffer hardship, actual and impending irreparable losses and damages.

15. Without funds for providing for the Debtors' operating expenses, the collateral to BPPR will be jeopardized and Debtors' probability of providing payment to creditors will be in peril.

16. The Debtors further need that this Honorable Court authorize a certain amount to be set aside on monthly basis to pay the professionals appointed by the Court, namely their counsels, accountants and auditors, their fees, as they may be approved by the Court. Furthermore, the Debtors also need to set aside certain amount on monthly basis for the payment of the Quarterly Fees to the United States Trustee. Without the payment of these services and fees, as they are allowed and approved by this Honorable Court, the Debtors will be unable to have adequate representation in this process and maintain compliance with their obligations as a Debtor in Possession.

17. With the permanent use of the cash collateral requested herein as per Exhibit 2 the Debtors will be able to maintain the operating expenses, pay employees, comply with the commitments to their clients, secure the collateral to BPPR, provide payment of the professionals appointed by this Honorable Court and pay the Quarterly Fees to the United States Trustee, among others.

**REQUEST FOR URGENT USE OF CASH COLLATERAL**

18. The Debtors desperately need to use the funds deposited in their accounts, as well as to continue selling their inventory in order to continue to operate and pay its employees on urgent basis at least for the next fifteen (15) days and thereafter on permanent basis until confirmation. If the Debtors are unable to use the cash on hand, the funds from the collection of the account receivables and inventory sales, their operations will be impaired affecting their going concern, employees and other indirect beneficiaries. Further, the threat of cessation of Debtors' operations would terminate any opportunity for payment to creditors under Chapter 11.

19. In order for the Debtors to restructure and reorganize a business that has been operating for since 1984, in the best interests of the estate and creditors, including BPPR and in order to maintain employment for their employees and their families, the Debtors respectfully request this Court to approve on an urgent basis the use of the cash collateral on an interim basis and that the Court schedule a final hearing to consider the permanent use of the cash collateral.

20. If Debtors are not granted permission to use the cash collateral to cover regular business expenses, such as purchasing new inventory, then Debtors, the estate, the creditors, and the community at large will suffer substantial injury.

21. Without the use of the cash collateral, Debtors will be forced to immediately terminate operations and lay off their employees. If forced to lay off these employees, not only will the employees themselves suffer but their families and the communities where they live will suffer as well.

22. Debtors pray that this Honorable Court enter on urgent basis an order authorizing the interim use of the cash collateral for the next fifteen (15) days. All expenses to be incurred over these periods are a direct result of Debtors continuing to operate in the normal course of their business activities.

23. Pursuant to Federal Bankruptcy Rule 4001(b)(2), Debtors requests that this Court authorize the use of the cash collateral on an emergency basis without a hearing, until the Court can schedule a final hearing on the continued and permanent use of the cash collateral.

24. For this period and pursuant to the budget attached, the Debtors require a specific carve out within the budget for payment of attorney's fees, U.S. Trustee's fees and any other fees to professionals that may be duly hired by the Debtors, for the conservation of the estate and the Bank's collateral. These amounts need to be segregated in order for the Debtors to be able

pay these expenses, after a proper application for compensation has been filed and the Court has authorized the payment of the same.

25. Debtors also prays that a scheduling Order be set in compliance with the provisions of 363 and 503(b) of Title 11 U.S.C. (the "Code"), Federal Rules of Bankruptcy Procedure 2002, 4001(b), and 9014 authorizing the Debtors' use of cash collateral, and/or permanent order authorizing use of cash collateral in the ordinary course of the Debtors' business as detailed in **Exhibits 1** and **2**.

26. The Debtors require the relief requested in this Motion in order to continue its operations, to avoid immediate and irreparable harm to its bankruptcy estate and creditors and to preserve the going concern of the business.  Pursuant to Local Bankruptcy Rule 4001-2, Debtors supplement this emergency motion with an affidavit attached as **Exhibit 3.**

### PROTECTION TO POTENTIAL INTEREST OF PARTIES

27. The Bankruptcy Code, 11 U.S.C. § 363(e), grants parties with an interest in property that is subject to be used, sold, or leased by the Debtors the right to receive adequate protection of such interest prior to Debtors being allowed to use, sale or lease the property.

28. Pursuant to 11 U.S.C. § 361(2), a party in interest receives adequate protection enabling debtor to use, sell, or lease property when debtor provides the party in interest "an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's [the party in interest] in such property." 11 U.S.C. § 361(2).

29. The Debtors have on the date of the filing of the bankruptcy petition accounts receivables and inventory in excess of the amounts owed to BPPR.

30. Debtors purports that the specific conditions of this business, the hardship, irreparable losses and damages that the estate will face in the event these expenses are not covered during the

Chapter 11 process, outweigh any potential harm this request may have in parties with potential interest on these funds.

31. Absent payment of the immediate preservation and operating expenses the cash inflow arising from the operations will diminish and eventually disappear in detriment of the cash collateral itself.  The Debtors will be unable to provide payment of their immediate operating expenses including but not limited to the, purchase of raw material to comply with its current business and commitments, payment of the payroll to its employees, utilities and rent.

32. BPPR's interest in this cash collateral is subordinated to the expenses required to produce the cash collateral.  Any potential interest on this cash collateral arises after payment of the operating and preservation expenses but not before.

33. The use of cash collateral proposed by the Debtors will allow that the collateral be preserved and its value be maintained.  BPPR will maintain its interest and lien in the collateral during the period proposed by the Debtors for the use of the cash collateral.  Thereafter, the confirmation of Debtors' plan will provide a permanent treatment to the claim held by BPPR.

34. In order to provide BPPR with adequate protection for any diminution in the value of the collateral, Debtors proposes to grant BPPR replacement liens on the same type of post-petition property of the estate against which BPPR held liens as of the Petition Date, specifically the inventory and the account receivables received.[2]

35. As additional adequate protection to BPPR, the Debtors will make monthly payments on their pre-petition secured debt with BPPR in the amount of $15,000.00 to be applied to the principal amounts owed.

---

[2] The total combined scheduled value of the collateral is $6,927,603.23.  The amount scheduled as owed to BPPR is $2,538,940.00.  The value of the collateral exceeds the amount of the debt by 63%.

9

36. Debtors submits that by allowing them to continue their regular business operations will be in the best position to protect the interests of the estate and the interests of the creditors.

37. The Debtors are herein submitting a Proposed Order in compliance with LBR 4001-2(a).

**WHEREFORE**, on the grounds detailed herein Debtors pray this Honorable Court as follows:

a)      For an Interim Order authorizing the Debtors to use of cash collateral comprised of funds received from the operation of its business to cover preservation and operating expenses of the business and the expenses related to the reorganization process, <u>for at least fifteen days</u>.  These funds will be used in accordance with the enclosed operating budget enclosed as Exhibit 1.

b)      For a scheduling order to consider the permanent use of cash collateral in the ordinary course of the Debtors' business as detailed in Exhibit 2.

c)      To grant BPPR replacement liens on the same type of post-petition property of the estate against which BPPR held liens as of the Petition Date, specifically the inventory and account receivables received.

d)      To authorize the Debtors to make monthly payments on the principal of the pre-petition secured debt with BPPR in the amount of $15,000.00 as additional adequate protection to BPPR.

e)      For any additional remedy that is deemed just and fair.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico this 16th day of September 2015.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the parties appearing

10

in said system including the U.S. Trustee.  I further certify that on this same date copy of this

motion has been sent by First Class Mail to the secured creditor, BPPR and to all other creditors

and parties in interest as per the Master Address List herein attached.

> **C. CONDE & ASSOC.**
> /s/Carmen D. Conde Torres
> Carmen D. Conde Torres, Esq.
> USDC No. 207312
> /s/Luisa S. Valle Castro
> Luisa S. Valle Castro. Esq.
> USDC No. 215611
> 254 San José Street, 5th Floor
> Old   San   Juan,   Puerto   Rico      00901
> Tel.: 787-729-2900; Fax:  787-729-2203
> E-Mail: ls.valle@condelaw.com



AMERICAN AGENCIES CO, INC.
(DEBTOR IN POSSESSION)
FORECASTED STATEMENTS OF CASH FLOWS
FOR THE 15 DAYS ENDING SEPTEMBER 30, 2015

| | | |
|---|---|---:|
| Beginning Cash Balance | $ | 100,800 |
| | | |
| Cash Inflows: | | |
| Collection of credit sales | | 265,000 |
| Cash sales | | 36,000 |
| | | 301,000 |
| | | |
| Total Funds Available | | 401,800 |
| Cash outflows: | | |
| Purchase of materials: | | |
| New Steel, Inc. | | 122,521 |
| Steel | | 4,000 |
| Doors and Hardware | | 190,000 |
| | | 316,521 |
| | | |
| Cost of work - salaries and fringe benefits | | 13,938 |
| Other cost of work performed expenses: | | |
| Auto | | 2,500 |
| Equipment Rental | | 4,000 |
| Subcontractor | | 10,000 |
| Cut & Burning and supplies | | 500 |
| Other | | 4,250 |
| Warehouse expenses | | 5,026 |
| General and Administrative Expenses - Salaries & benefits | | 38,754 |
| Other General and Administrative: | | |
| Rent | | - |
| Utilities | | 5,250 |
| Telephone, Internet & Communications | | 5,000 |
| Advertising | | 1,250 |
| Property Tax | | |
| Professional services (Legal & Acct.) | | 4,200 |
| Credit Card & Bank Charges | | 5,750 |
| Other | | 13,050 |
| State Insurance Fund | | - |
| Total CW Expenses | | |
| Total Disbursements | | 316,521 |
| Cash flows from operations | | (15,521) |
| | | |
| Adequate Protection BPPR | | 15,000 |
| | | |
| Ending cash balance | $ | 70,279 |

2

AMERICAN AGENCIES CO, INC.
(DEBTOR IN POSSESSION)
FORECASTED STATEMENTS OF CASH FLOWS
FOR THE FOUR-MONTH PERIOD ENDING DECEMBER 31, 2015

| | SEPTEMBER | OCTOBER | NOVEMBER | DECEMBER | TOTAL |
|---|---|---|---|---|---|
| Beginning Cash Balance | $ 100,880 | $ 182,473 | $ 21,747 | $ 21,045 | $ 94,478 |
| | | | | | |
| Cash Inflows: | | | | | |
| Collection of credit sales | 530,000 | 530,000 | 530,000 | 530,000 | 2,120,000 |
| Cash sales | 72,000 | 72,000 | 72,000 | 72,000 | 288,000 |
| | 602,000 | 602,000 | 602,000 | 602,000 | 2,408,000 |
| Total Funds Available | 702,880 | 784,473 | 623,747 | 623,045 | 2,502,478 |
| Cash outflows: | | | | | |
| Purchase of materials: | | | | | |
| New Steel, Inc. | 122,521 | 152,547 | 96,467 | 88,567 | 460,102 |
| Steel | 4,000 | 150,000 | 43,000 | 43,000 | 240,000 |
| Doors and Hardware | 190,000 | 190,000 | 190,000 | 190,000 | 760,000 |
| | 316,521 | 492,547 | 329,467 | 321,567 | 1,460,102 |
| Cost of work - salaries and fringe benefits | 27,876 | 34,007 | 27,875 | 24,542 | 114,300 |
| Other cost of work performed expenses: | | | | | |
| Auto | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| Equipment Rental | 4,000 | 4,000 | 4,000 | 4,000 | 16,000 |
| Subcontractor | 10,000 | 9,500 | 9,500 | 39,000 | 68,000 |
| Cut & Burning and supplies | 1,000 | 1,000 | 1,000 | 1,000 | 4,000 |
| Other | 8,500 | 8,500 | 8,500 | 8,500 | 34,000 |
| Warehouse expenses | 10,052 | 12,114 | 10,050 | 8,784 | 41,000 |
| General and Administrative Expenses - Salaries & benefits | 77,508 | 77,508 | 60,460 | 56,324 | 271,800 |
| Other General and Administrative: | | | | | |
| Rent | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| Utilities | 5,250 | 5,250 | 5,250 | 5,250 | 21,000 |
| Telephone, internet & Communications | 5,000 | 5,000 | 5,000 | 5,000 | 20,000 |
| Advertising | 2,500 | 2,500 | 2,500 | 2,500 | 10,000 |
| Property Tax | | | 47,000 | | 47,000 |
| Professional services (Legal & Acct.) | 8,400 | 8,400 | 8,300 | 8,300 | 33,400 |
| Credit Card & Bank Charges | 5,750 | 5,750 | 5,750 | 5,750 | 23,000 |
| Other | 13,050 | 16,650 | 13,050 | 13,050 | 55,800 |
| State Insurance Fund | - | 55,000 | 40,000 | - | 95,000 |
| Total CW Expenses | 188,886 | 255,179 | 258,235 | 192,000 | 894,300 |
| Total Disbursements | 505,407 | 747,726 | 587,702 | 513,567 | 2,354,402 |
| Cash flows from operations | 96,593 | (145,726) | 14,298 | 88,433 | 53,598 |
| | | | | | |
| Adequate Protection BPPR | 15,000 | 15,000 | 15,000 | 15,000 | 60,000 |
| | | | | | |
| Ending cash balance | $ 182,473 | $ 21,747 | $ 21,045 | $ 94,478 | $ 94,478 |

**NEW STEEL, INC.**
**(DEBTOR IN POSSESSION)**
**FORECASTED STATEMENTS OF CASH FLOWS**
**FOR THE FOUR- MONTH PERIOD ENDING DECEMBER 31, 2015**

| | SEPTEMBER | OCTOBER | NOVEMBER | DECEMBER | TOTAL |
|---|---|---|---|---|---|
| Beginning Cash Balance | $ - | $ - | $ - | $ - | $ - |
| **Cash Inflows:** | | | | | |
| Collection of sales  from American Agencies, Co. | 122,521 | 152,547 | 96,467 | 88,567 | 460,102 |
| Other | - | - | | | - |
| | 122,521 | 152,547 | 96,467 | 88,567 | 460,102 |
| Total Funds Available | 122,521 | 152,547 | 96,467 | 88,567 | 460,102 |
| **Cash outflows:** | | | | | |
| Purchase of materials | 12,500 | 12,500 | - | - | 25,000 |
| Manufacturing expenses - salaries and fringe benefits | 30,437 | 35,463 | 16,883 | 10,317 | 93,100 |
| Other manufacturing expenses: | | | | | |
| Utilities | 7,500 | 7,500 | 7,500 | 7,500 | 30,000 |
| Rent | 33,000 | 33,000 | 33,000 | 33,000 | 132,000 |
| Security | 9,000 | 9,000 | 9,000 | 9,000 | 36,000 |
| Cut & Burning and supplies | 6,500 | 6,500 | 6,500 | 6,500 | 26,000 |
| Other | 6,625 | 6,625 | 6,625 | 6,625 | 26,500 |
| General and Administrative Expenses - Salaries & Benefits | 11,859 | 11,859 | 11,859 | 10,525 | 46,102 |
| Other Administrative | 5,100 | 5,100 | 5,100 | 5,100 | 20,400 |
| State Insurance Fund | | 25,000 | | | 25,000 |
| Total Operating Expenses | 122,521 | 152,547 | 96,467 | 88,567 | 460,102 |
| Cash flows from operations | - | - | - | - | - |
| Total Disbursements | 122,521 | 152,547 | 96,467 | 88,567 | 460,102 |
| Ending cash balance | $ - | $ - | $ - | $ - | $ - |

3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.: 15-07088 (BKT)** |
| **AMERICAN AGENCIES CO., INC.** | |
| Debtor in Possession | **CHAPTER 11** |
| **IN RE:** | **CASE NO.: 15-07090 (BKT)** |
| **NEW STEEL, INC.** | |
| Debtor in Possession | **CHAPTER 11** |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT TO THE
MOTION FOR USE OF CASH COLLATERAL**

I, Omir Méndez, of legal age, married, of the vicinity of San Juan, Puerto Rico, and
President of American Agencies Co., Inc. and New Steel, Inc., DECLARE, under penalty of
perjury, as follows:

1.      That my personal circumstances are those stated above.

2.      That I have been designated as the authorized person to file these bankruptcy petitions and
all documents pertaining to such filing and requests to the Court.

3.      That I have read the motion for use of cash collateral.

4.      That the Debtors are corporations duly authorized to do business in the Commonwealth of
Puerto Rico, which have been dedicated since 1984 as components of a mutual business
enterprise, to the production, purchase, sales and installation of structural steel, metal doors
and architectural hardware used in large scale construction projects.

5.      Both entities serve a common purpose and were created so that they could act as separate
branches of the same business enterprise. New Steel, Inc., is dedicated to the manufacture
of steel structures and American Agencies Co., Inc., is dedicated mainly to the sale and

1

assembly of the steel structures made by New Steel, Inc.  American Agencies Co., Inc. is New Steel, Inc. sole client.

6.   American Agencies Co., Inc. is also dedicated to the purchase and sales metal doors and architectural hardware used in construction projects.   It represents and distributes lines like Pioneer, Cornell, Overly, Marshfield, Knickerbocker, Hager, Trimco, Pemko, Omnia and Sargent, among others.

7.   Their combined experience and reputation in the industry have allowed the Debtors to be engaged in projects like the Mall of San Juan, Army Readiness Center in Fort Buchanan, Plaza Las Américas, Beltz Outlets, Puerto Rico Convention Center and the Metropolitan Hospital, among others.

8.   That prior to the filing of the bankruptcy petition the Debtors entered into several financial obligations with BPPR in order to fund their operations.  As of the filing date the records of the Debtors reflect a debt to BPPR in the amount of $2,538,940.00.

9.   As a guarantee to the fulfillment of the credit agreement, the Debtors executed a security agreement where they pledged as collateral to the loan their inventory and account receivables, among other assets.

10.   That American Agencies Co., Inc. has scheduled inventory and account receivables for the total amount of $4,586,614.23.

11.   That New Steel, Inc. has scheduled inventory for the amount of $2,340,989.00.

12.   The Debtors, for the reasons stated in the motion for use of cash collateral request authorization to use the cash collateral on an interim basis and according to the budget included as Exhibit 1, in order to maintain their operations, preserve the estate, pay their payroll, purchase inventory, rent, utilities and all other necessary expenses therein

2

included.  The Debtors also request that, after notice and a hearing, they be allowed the permanent use of the cash collateral submit as provided for in the budget included as Exhibit 2.

13.   That the Debtors are in urgent need to keep current the expenses mentioned above during this interim period in order to avoid any disruption to their operations and move forward in their bankruptcy process.

14.   That the payment of these expenses is in jeopardy if the Debtors are not authorized to make the same from the cash collateral.  The cash collateral is as of this time Debtors' sole source of income.  Therefore, without the ability to use the same the Debtors will be unable to provide for these expenses and may be forced to cease operations.

15.   In the event the expenses detailed herein are not paid, the bankruptcy estate, the employees of the Debtors, the clients and even BPPR's collateral will suffer hardship, actual and impending irreparable losses and damages.

16.   Without funds for providing for the Debtors' operating expenses, the collateral to BPPR will be jeopardized and Debtors' probability of providing payment to creditors will be in peril.

17.   That the Debtors further need that this Honorable Court authorize a certain amount to be set aside on monthly basis to pay the professionals appointed by the Court, namely their counsels, accountants and auditors, their fees, as they may be approved by the Court. Furthermore, the Debtors also need to set aside certain amount on monthly basis for the payment of the Quarterly Fees to the United States Trustee.  Without the payment of these services and fees, as they are allowed and approved by this Honorable Court, the

3

Debtors will be unable to have adequate representation in this process and maintain compliance with their obligations as a Debtor in Possession.

18.   That with the permanent use of the cash collateral requested herein as per Exhibit 2 the Debtors will be able to maintain the operating expenses, pay employees, comply with the commitments to their clients, secure the collateral to BPPR, provide payment of the professionals appointed by this Honorable Court and pay the Quarterly Fees to the United States Trustee, among others until the confirmation of the Chapter 11 plan.

19.   The Debtors desperately need to use the funds deposited in their accounts, as well as to continue selling their inventory in order to continue to operate and pay its employees on urgent basis at least for the next fifteen (15) days and thereafter on permanent basis until confirmation. If the Debtors are unable to use the cash on hand, the funds from the collection of the account receivables and inventory sales, their operations will be impaired affecting their going concern, employees and other indirect beneficiaries. Further, the threat of cessation of Debtors' operations would terminate any opportunity for payment to creditors under Chapter 11.

20.   If Debtors are not granted permission to use the cash collateral to cover regular business expenses, such as purchasing new inventory, then Debtors, the estate, the creditors, and the community at large will suffer substantial injury.

21.   Without the use of the cash collateral, Debtors will be forced to immediately terminate operations and lay off their employees. If forced to lay off these employees, not only will the employees themselves suffer but their families and the communities where they live will suffer as well.

4

22.   That all expenses to be incurred during the next fifteen days are a direct result of Debtors continuing to operate in the normal course of their business activities.

23.   That the Debtors require a specific carve out within the budget for payment of attorney's fees, U.S. Trustee's fees and any other fees to professionals that may be duly hired by the Debtors, for the conservation of the estate and the Bank's collateral. These amounts need to be segregated in order for the Debtors to be able pay these expenses, after a proper application for compensation has been filed and the Court has authorized the payment of the same.

24.   That the Debtors have on the date of the filing of the bankruptcy petition accounts receivables and inventory in excess of the amounts owed to BPPR.

25.   That the specific conditions of this business, the hardship, irreparable losses and damages that the estate will face in the event these expenses are not covered during the Chapter 11 process, outweigh any potential harm this request may have in parties with potential interest on these funds.

26.   That absent payment of the immediate preservation and operating expenses the cash inflow arising from the operations will diminish and eventually disappear in detriment of the cash collateral itself. The Debtors will be unable to provide payment of their immediate operating expenses including but not limited to the, purchase of raw material to comply with its current business and commitments, payment of the payroll to its employees, utilities and rent.

27.   The use of cash collateral proposed by the Debtors will allow that the collateral be preserved and its value be maintained. BPPR will maintain its interest and lien in the collateral during the period proposed by the Debtors for the use of the cash collateral.

Thereafter, the confirmation of Debtors' plan will provide a permanent treatment to the claim held by BPPR.

28.  That in order to provide BPPR with adequate protection for any diminution in the value of the collateral, Debtors proposes to grant BPPR replacement liens on the same type of post-petition property of the estate against which BPPR held liens as of the Petition Date, specifically the inventory and the account receivables received.[1]

29.  That as additional adequate protection to BPPR, the Debtors will make monthly payments on their pre-petition secured debt with BPPR in the amount of $15,000.00 to be applied to the principal amounts owed.

30.  Debtors submits that by allowing them to continue their regular business operations will be in the best position to protect the interests of the estate and the interests of the creditors.

31.  This declaration and the facts included in the motion for use of cash collateral are to the best of my knowledge, true and correct.

32.  That I make this declaration under the penalty of perjury.


Signed in San Juan, Puerto Rico today September 16, 2015.




By: Omir Méndez
President
American Agencies Co., Inc.
New Steel, Inc.

---

[1] The total combined scheduled value of the collateral is $6,927,603.23. The amount scheduled as owed to BPPR is $2,538,940.00. The value of the collateral exceeds the amount of the debt by 63%.

6

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 15-07088 (BKT) |
| AMERICAN AGENCIES CO., INC. | |
| Debtor in Possession | CHAPTER 11 |
| IN RE: | CASE NO.: 15-07090 (BKT) |
| NEW STEEL, INC. | |
| Debtor in Possession | CHAPTER 11 |

## ORDER APPROVING DEBTORS' EMERGENCY USE OF CASH COLLATERAL WITHOUT HEARING, GRANT OF REPLACEMENT LIENS AND ORDER SCHEDULING HEARING TO CONSIDER PERMANENT USE OF CASH COLLATERAL

On September 16, 2015, American Agencies Co., Inc. and New Steel, Inc., as Debtors in Possession for the above-captioned cases (hereinafter referred to as "Debtors"), filed an *Urgent Motion for Use of Cash Collateral and For Approval of Interim Order* ("The Motion") in order to request from the Court pursuant to 11 U.S.C. § 105, 11 U.S.C. § 363 and Bankruptcy Rules of Procedure 2002, 4001(b), 9014 and Local Bankruptcy Rule 4001-2, the following:

a. For an Interim Order authorizing the Debtors to use of cash collateral comprised of funds received from the operation of its business to cover preservation and operating expenses of the business and the expenses related to the reorganization process, for at least fifteen days. These funds will be used in accordance with the enclosed operating budget enclosed as Exhibit 1 to the Motion.

b. For a scheduling order to consider the permanent use of cash collateral in the ordinary course of the Debtors' business as detailed in Exhibit 2 to the Motion.

c. To grant BPPR replacement liens on the same type of post-petition property of the

estate against which BPPR held liens as of the Petition Date, specifically the inventory and account receivables received.

d.  To authorize the Debtors to make monthly payments on the principal of the pre-petition secured debt with BPPR in the amount of $15,000.00 as additional adequate protection to BPPR.

The Debtors require the relief requested in the Motion in order to continue their operations, to avoid immediate and irreparable harm to their bankruptcy estates and creditors and to preserve their going concern.  Pursuant to Local Bankruptcy Rule 4001-2(c), Debtors supplemented their emergency motion with an affidavit attached as Exhibit 3 and a 15 days budget as Exhibit 1.

The above captioned bankruptcy petitions were filed on September 15, 2015.  Both debtors have common management (but separate finances), they serve a common purpose and were created so that they could act as separate branches of the same business enterprise. New Steel, Inc., is dedicated to the manufacture of steel structures and American Agencies Co., Inc., is dedicated mainly to the sale and assembly of the steel structures made by New Steel, Inc. American Agencies Co., Inc. is New Steel, Inc. sole client.  American Agencies Co., Inc. is also dedicated to the purchase and sales metal doors and architectural hardware used in construction projects.

Prior to the filing of the bankruptcy petition the Debtors entered into a financial obligation with Banco Popular de Puerto Rico ("BPPR") for a revolving loan.  As a guarantee to the fulfillment of the credit agreement, the Debtors executed a security agreement where they pledged as collateral to the loan their inventory and account receivables, among other assets.  As of the filing date the records of the Debtors reflect a debt to BPPR in the amount of $2,538,940.00.[1]

---

[1] Please refer to Schedule D at Docket 1.

2

American Agencies Co., Inc. has scheduled inventory and account receivables for the total amount of $4,586,614.23.[2]  New Steel, Inc. has scheduled inventory for the amount of $2,340,989.00.[3] The income stream arising from the collection of the account receivables and the use of the inventory, may qualify as "cash collateral" pursuant the provisions of 11 U.S.C. Section 363(a).

Debtors request authorization to use the cash collateral on an interim basis and according to the budget included as Exhibit 1 to the Motion, in order to maintain their operations, preserve the estate, pay their payroll, purchase inventory, rent, utilities and all other necessary expenses therein included.  The Debtors also request that, after notice and a hearing, they be allowed the permanent use of the cash collateral submit as provided for in the budget included as Exhibit 2 to the Motion.

Debtors projection of income and an itemized budget for the next 15 days is attached to its motion as Exhibit 1.  For the next 15 days, Debtors anticipate incurring $316,521.00 in expenses while at the same time receiving at least the same amount in new funds in incoming receipts.  This budget for the interim use of the cash collateral also includes an adequate protection payment to BPPR in the amount of $15,000.00.

During the course of the next 15 days, Debtors request that this Court issue an EMERGENCY ORDER allowing the use of cash collateral that is substantially in accord with Debtors' Budget, attached as Exhibit 1 without a hearing as provided by the Bankruptcy Rules. Debtors also request this Court to note that over the next 15 days Debtors project that their incoming cash receipts will be in an amount equal to at least their cash outlays resulting in no net

---

[2] Please refer to Schedule B, items 16 and 30 at Docket 1 in case 15-07088.
[3] Please refer to Schedule B, items 30 at Docket 1 in case 15-07090.

3

diminution in their cash holdings.

Debtors have also submitted as Exhibit 2 a budget for the permanent use of the cash collateral in order for the court to consider the same. All expenses to be incurred over these periods are a direct result of Debtors continuing to operate in the normal course of their business activities. Pursuant to Federal Bankruptcy Rule 4001(b)(2), Debtors request that this Court authorize the use of the cash collateral on an emergency basis without a hearing, until the Court can schedule a final hearing on the continued and permanent use of the cash collateral.

## FINDINGS OF THE COURT

Debtors must be able to comply with their current operating expenses including, payment of rent, payment of payroll and purchase of inventory, among others, in order to maintain operations. If Debtors are unable to meet these immediate operating expenses they will have to cease operations. If Debtors are not granted permission to use the cash collateral to cover regular business expenses, such as payment of payroll, rent and purchasing new inventory, then Debtors, Debtors' estates, Debtors' creditors, and the community at large will suffer substantial injury.

Without the use of the cash collateral, Debtors will be forced to terminate operations and lay off their employees. If forced to lay off these employees, not only will the employees themselves suffer but their families and the communities where they live will suffer as well. Moreover, if Debtors do not receive permission from this Court to use the cash collateral to cover their regular business operating expenses, then Debtors shall be forced to close and will be unable to maintain proper maintenance and care for Debtors' inventory and other assets. If Debtors cannot protect their inventory and other valuable assets, then the value of Debtors' estates is seriously imperiled. Accordingly, Debtors' ability to maintain their going concern will be compromised.

4

Debtors' creditors will also be negatively affected because the value of Debtors' estate could be substantially reduced.

Upon the above findings the Court orders as follows:

- The Debtors are authorized to  use of the cash collateral <u>without a  hearing for an emergency period of 15 days</u>, under the provisions of 11 U.S.C. 363,  FRBP 4001 (b)  and LRBP 4001-2 and only to the Extent of the Interim Budget in Exhibit 1 which forms part of this Order.

- BPPR is granted during this period replacement liens to pursuant to 11 U.S.C. § 361, but only to the extent described in the Motion, in order to provide adequate protection for the use of its cash collateral.

- Debtors are authorized to make monthly payments on the principal of the pre-petition secured debt with BPPR in the amount of $15,000.00 as additional adequate protection to BPPR.

- A hearing to consider the permanent us of the use of cash collateral is scheduled for September _____, 2015.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this ___ September 2015.


_____
Brian K. Tester
Bankruptcy Judge


5

Label Matrix for local noticing
0104-3
Case 15-07088-BKT11
District of Puerto Rico
Old San Juan
Wed Sep 16 11:07:20 AST 2015

AMERICAN AGENCIES CO INC
PO BOX 9021216
SAN JUAN, PR 00902-1216

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

65 RENTAL & SALE CORP.
PO BOX 29614
SAN JUAN, PR 00929-0614

ACCREDITED LOCK SUPPLY
PO BOX 1442
SECAUCUS, NJ 07096-1442

ADAMS RITE MANUFACTURING
10027 S  51ST STREET
SUITE 102
PHOENIX, AZ 85044-5219

ADAN FORTY NIEVES
APARTADO 193
CANOVANAS, PR 00729-0193

ADRILEX CONSTRUCTION SERVICES, INC.
EDIFICIO LA ELECTRONICA
1608 CALLE BORI  SUITE 219-B
SAN JUAN, PR 00927-6112

AIR LOUVERS
SDS 12-1132
PO BOX 86
MINNEAPOLIS, MN 55486-1132

ALCALDE AUTO PARTS, INC.
PO BOX 191104
SAN JUAN, PR 00919-1104

ALLIED WASTE SERVICES
PO BOX 51986
TOA BAJA, PR 00950-1986

ALUMA SYSTEMS
PO BOX 4040
CAROLINA, PR 00984-4040

ANACLETO JIMENEZ RODRIGUEZ
PO BOX 129
CAROLINA, PR 00986-0129

ANDRES DELGADO
HC-03  BOX 12681
CAROLINA, PR 00987-9635

ANGELINA LOPEZ LOPEZ
PO BOX 129
CAROLINA, PR 00986-0129

ASSA, INC.
PO BOX 640722
PITTSBURG, PA 15264-0722

ASTRO INDUSTRIAL SUPPLY
PO BOX 9022461
SAN JUAN, PR 00902-2461

AT&T MOBILITY
PO BOX 6463
CAROL STREAM, IL 60197-6463

AURORA M. GALLIANO PARDO
PO BOX 769
CAGUAS, PR 00726-0769

AUTOCENTRO TOYOTA
1090 MU OZ RIVERA AVE.
SAN JUAN, PR 00927-5034

AXESA DE PR
400 AVE. AMERICO MIRANDA
ESQ. EXPRESO LAS AMERICAS
SAN JUAN, PR 00927-5142

BANCO POPULAR DE PR
PO BOX 362708
SAN JUAN, PR 00936-2708

BLUELINE RENTAL PR, INC.
PO BOX 840275
DALLAS, TX 75284-0275

C.R. LAWRENCE CO., INC.
PO BOX 58923
LOS ANGELES, CA 90058-0923

CAFE YAUCONO
PO BOX 51985
TOA BAJA, PR 00950-1985

CAL-ROYAL PRODUCTS, INC.
6605 FLOTILLA STREET
CITY OF COMMERCE
LOS ANGELES, CA 90040-1815

CANCER CENTER HOSPITAL
BO. MONACILLOS URBANOS
SAN JUAN, PR 00921

CARIBBEAN EXPRESS FREIGHT, INC.
PO BOX 51960
TOA BAJA, PR 00950-1960

CARIBBEAN PENSION PLAN ADM.
ATTN. SUSAN ROSENBERG
1900 NW CORP. BLVD SUITE 400 W
BOCA RATON, FL 33431-8502

CARIBE TECNO, S.E.
PO BOX 360099
SAN JUAN, PR 00936-0099

CARLOS A. MARQUEZ
BO. SAINT JUST
CALLE AGUACATE #299
TRUJILLO ALTO, PR 00976-2807

CARLOS RIOS
VILLA DE LOIZA
CALLE 24 A-04
CANOVANAS, PR 00729

CARLOS RODRIGUEZ
SAN FERNANDO VILLAGE
APTO# 301
CAROLINA, PR 00987-6961

CENTRO PINTURAS CAROLINA, INC.
PO BOX 29916
SAN JUAN, PR 00929-0916

CERTIFIED RIGGING & LIFTING CO.
PO BOX 9233
PLAZA CAROLINA STATION
CAROLINA, PR 00988-9233

COCKRAM PROJECTS, INC.
METRO OFFICE PARK
STREET 1 BUILDING 11  SUITE 106
GUAYNABO, PR 00968

CORNELL IRON WORKS, INC.
PO BOX 416872
BOSTON, MA 02241-6872

CORTELCO SYSTEMS PR, INC.
PO BOX 5249
CAGUAS, PR 00726-5249

CRESPO ICE PLANT, INC.
1173 CALLE CANADA
SAN JUAN, PR 00920-3828

CRIM
PO BOX 195387
SAN JUAN, PR 00919-5387

DANIEL DELGADO LOPEZ
PMB 281
CALL BOX 20000
CANOVANAS, PR 00729-0042

DANIEL OSORIO
HC-01  BOX 11128
CAROLINA, PR 00987-9659

DEPARTAMENTO DE HACIENDA
PO BOX 9024140
SAN JUAN, PR 00902-4140

DEPT. DEL TRABAJO Y RECURSOS HUMANOS
PO BOX 191020
SAN JUAN, PR 00919-1020

DESARROLLOS METROPOLITANOS
PO BOX 9417
SAN JUAN, PR 00908-0417

DETEX CORP.
302 DETEX DRIVE
NEW BRAUNFELS, TX 78130-3099

DORMA USA, INC.
PO BOX 6312
CAROL STREAM, IL 60197-6312

DPM CORPORATION
AVE. JOSE DE DIEGO #312
SUITE 305
SAN JUAN, PR 00909

EDGARDO CARRION
HC-43  BOX 11721
CAYEY, PR 00736-9224

EDUARD ELECTRICAL & MECH.
ML 505 BOX 145400
CINCINNATI, OH 45250-5400

ELVIN ENCARNACION
HC-03  BOX 12432
CAROLINA, PR 00987-9618

ENGINEERED PARTS & SERVICES, INC.
PO BOX 1899
VEGA ALTA, PR 00692-1899

EUGENIO MARTINEZ
HC-02  BOX 10698
YAUCO, PR 00698-9680

F&R CONSTRUCTION CORP.
PO BOX 9932
SAN JUAN, PR 00908-0932

F.D.S.E.
PO BOX 365028
SAN JUAN, PR 00936-5028

FEDERAL EXPRESS CORP.
PO BOX 371461
PITTSBURG, PA 15250-7461

FIRE FOE, INC.
PO BOX 4656
CAROLINA, PR 00984-4656

GONZALEZ SANI-TECH, INC.
PO BOX 6476
MAYAGUEZ, PR 00681-6476

GONZALEZ TRADING CORP.
PO BOX 364884
SAN JUAN, PR 00936-4884

GRAINGER CARIBE, INC.
DEPT. 875225258
PALATINE, IL 60038-0001

GRISELLE DOMINGUEZ
SAN PEDRO ESTATES
B-13  SAN PEDRO
CAGUAS, PR 00725-7640

HAGER HINGE COMPANY
PO BOX 953057
SAINT LOUIS, MO 63195-3057

HANCHETT ENTRY SYSTEMS, INC.
PO BOX 644009
PITTSBURGH, PA 15264-4009

HECTOR MELENDEZ
URB. LA HACIENDA
CALLE MEDIA LUNA #14
CAGUAS, PR 00725

HECTOR OCASIO PIZARRO
VILLA CAROLINA
CALLE 74  116-16
CAROLINA, PR 00985-4117

HEMCO CONSTRUCTION CORP.
PO BOX 193598
SAN JUAN, PR 00919-3598

HILTI CARIBE, LLC.
PO BOX 194949
SAN JUAN, PR 00919-4949

IMPRESOS RAMOS
CAPARRA TERRACE
AVE. JESUS T. PI ERO #1223
SAN JUAN, PR 00920-5502

INDUMET CORPORATION
PO BOX 1285
CAGUAS, PR 00726-1285

INSTANT PRINT COPR.
PO BOX 190540
SAN JUAN, PR 00919-0540

IRS
CITIVIEW PLAZA NO II
48 CARR 165 SUITE 2000
GUAYNABO, PR 00968-8000

IRS
PO BOX 7346
PHILADELPHIA, PA 19101-7346

IVAN ROMAN
HC-06 BOX 75559
CAGUAS, PR 00725-9521

IVAN ROMAN RUIZ
HC-06 BOX 75559
BO. RIO CA AS
CAGUAS, PR 00725-9521

JORGE F. VENDRELL BORELLI
ENTRE RIOS
CALLE PLAYA SERENA #152
TRUJILLO ALTO, PR 00976

JORGE TIRADO
CORDOBA PARK
APTO# 21-D
SAN JUAN, PR 00926

JORGE VENDRELL
ENTRE RIOS
CALLE PLAZA SERENA 152
TRUJILLO ALTO, PR 00976

JOSE A. GONZALEZ
HC-01  BOX 2136
LOIZA, PR 00772-9702

JOSE A. MERCADO
RES. VILLA KENNEDY
EDIF 9  APTO# 209
SAN JUAN, PR 00924

JOSE L. CAMACHO
URB. LAS COLINAS
CALLE 1  #68
VAGA ALTA, PR 00692-7102

JOSE R. HERNANDEZ
PO BOX 769
CAGUAS, PR 00726-0769

JOSE R. HERNANDEZ GIERBOLINI
PO BOX 679
CAGUAS, PR 00726

JOVIRI, INC.
AVE. PONCE DE LEON #1554
BO. MONACILLOS
SAN JUAN, PR 00926-2706

JUAN ALGARIN
VILLA GRACIELA
CALLE C. FERNANDEZ  A-3
JUNCOS, PR 00777-3005

JUAN CORTES
HC-01  BOX 11372
CAROLINA, PR 00987-9678

JUAN MONTES
PO BOX 13
SAN JUAN, PR 00902-0013

JUAN ORTIZ
HC-02  BOX 14447
CAROLINA, PR 00987-9717

KEVIN DOMINGUEZ
URB. PARQUE ECUESTRE  #37
E5  #37
CAROLINA, PR 00987

KNICKERBOCKER APART. CORP.
156-36 CROSS BAY BLVD.
HOWARD BEACH, NY 11414-2749

LA CASA DE LOS TORNILLOS
PO BOX 365047
SAN JUAN, PR 00936-5047

LAMBTON DOOR
235 2ND AVENUE
LAMBTON, PQ G0M 1H0
CANADA

LAWRANCE HARDWARE 1, INC.
1624 SOUTH CLINTON STREET
CHICAGO, IL 60616-1110

LEONARDO DELGADO
JARDINES DE PARMAREJO
CALLE 5  L-5
CANOVANAS, PR 00729-2844

LINDA G. VAZQUEZ
BORINQUEN TOWER 1
APTO# 913
SAN JUAN, PR 00920

LINDE GAS PR. INC.
PO BOX 71491
SAN JUAN, PR 00936-8591

LUIS A. QUI ONES
CAROLINA HOUSING
EDIF 5 APTO#50
CAROLINA, PR 00987

LUIS A. VAZQUEZ OTERO
COND. MONTEBELLO ESTATES
APTO.# F-12
SAN JUAN, PR 00926

LUIS CASTRO
URB LA CENTRAL
CALLE 2 PARCELA 98
CANOVANAS, PR 00729

LUIS COTTO
HC-03 BOX 7249
CANOVANAS, PR 00729-9710

LUIS E. PEREZ
HC-03 BOX 12625
CAROLINA, PR 00987-9635

LUIS FIGUEROA
CALLE 2 #158
SAINT JUST, PR 00976-2824

LUIS R. CEPEDA
PARCELAS FALU
CALLE 45-A  #253-C
SAN JUAN, PR 00924-3179

LUZ A. TORRES
RR 3 BOX 10968-1
TOA ALTA, PR 00953-7933

MAGIC TRANSPORT, INC.
PO BOX 360729
SAN JUAN, PR 00936-0729

MASTER LOCK COMPANY, LLC
PO BOX 677799
DALLAS, TX 75267-7799

MCKINNEY PRODUCTS CO.
PO BOX 640766
PITTSBURGH, PA 15264-0766

MCNICHOLS CO.
PO BOX 101211
ATLANTA, GA 30392-1211

MELVIN MORALES
HC-03 BOX 12241
CAROLINA, PR 00987-9617

NIGUEL MOLINA
PO BOX 534
CANOVANAS, PR 00729-0534

MM SUPPLY, INC.
PO BOX 37384
SAN JUAN, PR 00937-0384

NATHANAEL FLORES
ALTURAS DE CAMPO RICO
CALLE 7 #846
CANOVANAS, PR 00729

NEW STEEL, INC.
PO BOX 9021516
SAN JUAN, PR 00902-1516

NU-VUE INDUSTRIES OF PR
PO BOX 10087
SAN JUAN, PR 00922-0087

OFFICE DEPOT
PO BOX 88040
CHICAGO, IL 60680-1040

OFFICE-IT
PMB 245 SUITE 102
405 AVE. ESMERALDA
GUAYNABO, PR 00969-4482

ONEGA ENGINEERING, LLC.
PO BOX 363823
SAN JUAN, PR 00936-3823

OMIR MENDEZ
ANTONIO R. BARCELO #34
CIDRA, PR 00739-3444

OMIR MENDEZ DIAZ & DESIREE ARAUJO
URB. VILLA HUCAR
CALLE ALMENDRO  A-15
SAN JUAN, PR 00926-6819

OMNIA INDUSTRIES, INC.
PO BOX 330
CEDAR GROVE, NJ 07009-0330

ORPI, INC.
PO BOX 194621
SAN JUAN, PR 00919-4621

OSCAR FARGAS
HC-02  BOX 1447
CAROLINA, PR 00984

OSVALDO TORRES
URB. SIERRA LINDA
CALLE 5  K-44
BAYAMON, PR 00957-2141

OVERLY DOOR COMPANY
PO BOX 70
GREENSBURG, PA 15601-0070

PASCUAL ROSARIO
HC-01  BOX 12811
CAROLINA, PR 00985

PEMKO MFG. CO.
PO BOX 3100-1250
PASADENA, CA 91110-1250

PEP BOYS
PO BOX 8500-50445
PHILADELPHIA, PA 19178-0445

PIONEER INDUSTRIES, INC.
PO BOX 333
BRATTLEBORO, VT 05302-0333

PITNEY BOWES PR, INC.
PO BOX 11662
SAN JUAN, PR 00922-1662

PR DEPARTMENT OF JUSTICE
PO BOX 9020192
SAN JUAN, PR 00902-0192

PR WIRE PRODUCTS, INC.
PO BOX 363167
SAN JUAN, PR 00936-3167

PRASA
PO BOX 7066
SAN JUAN, PR 00916-7066

PRENDES SAFETY
COND. MANSIONES DE GARDEN HILLS
APTO.  17F
GUAYNABO, PR 00966

PREPA
PO BOX 3670151
SAN JUAN, PR 00936-0151

PRISCILA MENENDEZ
URB. SAGRADO CORAZON
SAN GENARO 354
SAN JUAN, PR 00926-4106

PRISCILA MENENDEZ RODRIGUEZ
255 CALLE ROSARIO  APTO.# 110
SAN JUAN, PR 00912-3107

QUALITY INDUSTRIAL SAFETY CORP.
PO BOX 362077
SAN JUAN, PR 00936-2077

RAFAEL RODRIGUEZ
URB. SANTA JUANA II
CALLE 5  B-10
CAGUAS, PR 00725-2016

RAMON MASSA
BO. JAGUEYES
CARR.  797
CANOVANAS, PR 00729

RICOH PUERTO RICO, INC.
PO BOX 71459
SAN JUAN, PR 00936-8559

ROBERTO CARBONELL CRUZ
PO BOX 8185
CAROLINA, PR 00986-8185

ROBERTO PASTRANA
PO BOX 7249
CANOVANAS, PR 00729

ROSALY SANTOS
PO BOX 395
TRUJILLO ALTO, PR 00977-0395

SAFETY ZONE
PO BOX 2151
SAN JUAN, PR 00922-2151

SARGENT MFG. CO.
PO BOX 640777
PITTSBURGH, PA 15264-0777

SECURITRON MAGNALOCK CORP.
PO BOX 644009
PITTSBURGH, PA 15264-4009

SSW ENGINEERING & CONSTRUCTION, LLC
PO BOX 6025828
BAYAMON, PR 00960-2828

SUPER AUTOMOTIVE PRODUCTS
PO BOX 70250
SUITE 107
SAN JUAN, PR 00936-8250

SUSANA AVAGNINA GONZALEZ
ENTRE RIOS
CALLE PLAYA SERENA #152
TRUJILLO ALTO, PR 00976

TEDDY RENTAL REPAIR & SERVICES
PO BOX 10953
SAN JUAN, PR 00922-0953

TRIMCO
PO BOX 23277
LOS ANGELES, CA 90023-0277

TRUJILLO TRUCKING RENTAL, INC.
PO BOX 1281
CAROLINA, PR 00986-1281

UNDERWRITERS LABORATORIES
75 REMITTANCE DRIVE
SUITE  1524
CHICAGO, IL 60675-1524

UNITED STEEL WORKERS
C/O JUAN ROMAN
BLOCK 10 #1 AGUAS BUENAS AVE.
BAYAMON, PR 00959

UNIVERSAL INDUSTRIAL PRODUCTS
PO BOX 628
PIONEER, OH 43554-0628

US DEPARTAMENT OF JUSTICE
PO BOX 227
BEN FRANKLIN STATION
Washington, DC 20044-0227

VANESSA BIBILONI VAZQUEZ
HC-06 BOX 75559
BO. RIO CA AS
CAGUAS, PR 00725-9521

WESTERN AVIATION SERVICE
PO BOX 250447
AGUADILLA, PR 00604-0447

YALE SECURITY, INC.
PO BOX 644001
PITTSBURGH, PA 15264-4001

ZINCALUM CORP.
PO BOX 642
CIDRA, PR 00739-0642

CARMEN D CONDE TORRES
254 SAN JOSE STREET
5TH FLOOR
SAN JUAN, PR 00901-1523

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

End of Label Matrix
Mailable recipients   160
Bypassed recipients     0
Total                 160

Label Matrix for local noticing
0104-3
Case 15-07090-BKT11
District of Puerto Rico
Old San Juan
Wed Sep 16 11:08:06 AST 2015

NEW STEEL, INC.
PO BOX 9021216
SAN JUAN, PR 00902-1216

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

ALFREDO BIRRIEL
HC-01 BOX 12342
CAROLINA, PR 00987

AMERICAN AGENCIES CO. INC.
PO BOX 9021216
SAN JUAN, PR 00902-1216

ANACLETO JIMENEZ
PO BOX 129
CAROLINA, PR 00986-0129

ANDRES CARRASQUILLO
HC-01 BOX 56759
BO. LA CHANGE
CAGUAS, PR 00725

ANGEL RODRIGUEZ
HC-03 BOX 12242
CAROLINA, PR 00987-9617

ANGEL RODRIGUEZ GONZALEZ
LAS FLORES DE MONTEHIEDRA
300 BLVD. DE LA MONTA A APT# 646
SAN JUAN, PR 00926-7029

ANGEL TORRES RAMOS
RR-03 BOX 10410-5
TOA ALTA, PR 00953-8038

ANGELINA LOPEZ
PO BOX 129
CAROLINA, PR 00986-0129

ARCHILLA PAPER
PO BOX 364253
SAN JUAN, PR 00936-4253

AURORA GALLIANO
PO BOX 769
CAGUAS, PR 00726-0769

BANCO POPULAR DE PR
PO BOX 362708
SAN JUAN, PR 00936-2708

BENJAMIN CALO
HC-03 BOX 13175
CAROLINA, PR 00987-9621

CAROLINA BUILDING MATERIALS
PO BOX 3570
CAROLINA, PR 00984-3570

CORTELCO SYSTEMS PR, INC.
PO BOX 5249
CAGUAS, PR 00726-5249

CRIM
PO BOX 195387
SAN JUAN, PR 00919-5387

DEPARTAMENTO DE HACIENDA
PO BOX 9024140
SAN JUAN, PR 00902-4140

DEPT. DEL TRABAJO Y RECURSOS HUMANOS
PO BOX 191020
SAN JUAN, PR 00919-1020

F.D.S.E.
PO BOX 365028
SAN JUAN, PR 00936-5028

FRANCISCO POVENTUD
URB. SANTA MARIA
CALLE 5 H-6
TOA BAJA, PR 00949-4212

GAMALIER PEREZ BIRRIEL
PO BOX 489
CAROLINA, PR 00986-0489

GRAINGER CARIBE, INC.
DEPT. 818390056
PALATINE, IL 60038-0001

GUILLERMO MENENDEZ RODRIGUEZ
URB. SAGRADO CORAZON
354 CALLE SAN GERARDO
SAN JUAN, PR 00926

INFRA-METALS COMPANY
PO BOX 409828
ATLANTA, GA 30384-9828

IRS
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346

IRS
CITIVIEW PLAZA NO II
48 CARR 165 SUITE 2000
GUAYNABO, PR 00968-8000

ISAAC NORIUS
PO BOX 129
CAROLINA, PR 00986-0129

IVAN ROMAN RUIZ
HC-06 BOX 75559
BO. RIO CA AS
CAGUAS, PR 00725-9521

JOE PEREZ
HC-01 BOX 12521
CAROLINA, PR 00987

JOEL BIRRIEL
COND. PONTEZUELA
EDIF. B-6 APTO 2F
CAROLINA, PR 00983

JONATHAN PRATTS
HC-02 BOX 6623
CANOVANAS, PR 00729-9906

JONATHAN RODRIGUEZ
HC-01 BOX 12244
CAROLINA, PR 00986

JORGE F. VENDRELL
ENTRE RIOS
CALLE PLAYA SERENA #152
TRUJILLO ALTO, PR 00976

JORGE VELAZQUEZ
HC-01 BOX 11829
CAROLINA, PR 00987-9686

JOSE LAJARA
CALLE CAROLA  T-731
CANOVANAS, PR 00729

JOSE PEREZ
HC-03 BOX 12241
CAROLINA, PR 00987-9617

JOSE RAUL HERNANDEZ
PO BOX 769
CAGUAS, PR 00726-0769

JOVIRI, INC.
PO BOX 9021216
SAN JUAN, PR 00902-1216

JULIO FEBRES
RES. LOMA ALTA
EDIF. B APTO# 42
CAROLINA, PR 00987

JULIO FUENTES
PO BOX 444
TRUJILLO ALTO, PR 00977-0444

LINDE GAS PR, INC
PO BOX 71491
SAN JUAN, PR 00936-8591

LUCY RODRIGUEZ
URB. SAGRADO CORAZON
354 CALLE SAN GERARDO
SAN JUAN, PR 00926

LUIS FIGUEROA
CALLE 2  #158
SAINT JUST, PR 00976-2824

LUIS VAZQUEZ OTERO
COND. MONTEBELLO ESTATES
APTO# F-12
SAN JUAN, PR 00926

MADERERA DONESTEVEZ, INC
PO BOX 29228
SAN JUAN, PR 00929-0228

MARILYA CARDONA
CALLE E  #26
PARC. RODRIGUEZ OLMO
ARECIBO, PR 00612-4216

MIGUEL SERRANO
RR-8 BOX 9533
BAYAMON, PR 00956-9664

OFFICE-IT
PMB 245 SUITE 102
405 AVE. ESMERALDA
GUAYNABO, PR 00969-4482

OMIR MENDEZ DIAZ
URB. VILLA HUCAR
CALLE ALMENDRO A-15
SAN JUAN, PR 00926-6819

PEDRO NEGRON
HC-03 BOX 12241
CAROLINA, PR 00987-9617

POWER SECURITY, INC.
PO BOX 4268
CAROLINA, PR 00984-4268

PR DEPARTMENT OF JUSTICE
PO BOX 9020192
SAN JUAN, PR 00902-0192

PRAXAIR PR
PO BOX 307
GURABO, PR 00778-0307

PRENDES SAFETY
COND. MANSIONES DE GARDEN HILLS
APTO. 17F
GUAYNABO, PR 00966

PRISCILA MENENDEZ
URB. SAGRADO CORAZON
SAN GENARO 354
SAN JUAN, PR 00926-4106

RAFAEL BENITEZ CARRILLO, INC
PO BOX 362769
SAN JUAN, PR 00936-2769

RAFAEL TANCO MILLAN
RES. SABANA BAJO
EDIF. 55 APTO# 432
CAROLINA, PR 00985

RAUL ORTIZ
HC-03 BOX 12521
CAROLINA, PR 00987-9619

RAYMOND PEREZ MORALES
HC-01  BOX 11601
CAROLINA, PR 00987-9685

RICHARD GONZALEZ
HC-01  BOX 12432
CAROLINA, PR 00986

RIMCO, INC.
PO BOX 362529
SAN JUAN, PR 00936-2529

RODRIGUEZ VACUUM SERVICES, INC.
PO BOX 1299
PE UELAS, PR 00624-1299

SAFETY ZONE
PO BOX 2151
SAN JUAN, PR 00922-2151

SANCHEZ TECHNICAL REFRIGERATION
4398 CALLE 2
BOX 156
SAN JUAN, PR 00926-8644

SANTIAGO RIVERA BATISTA
LOIZA VALLEY
CALLE CANARIO G-264
CANOVANAS, PR 00729

SANTOS DELGADO
HC-03  BOX 12654
CAROLINA, PR 00987-9635

SHERWIN WILLIAMS CO.
PO BOX 363705
SAN JUAN, PR 00936-3705

SIGMA SALES, INC.
PO BOX 8056
PONCE, PR 00732-8056

STEEL & PIPES, INC
PO BOX 5309
CAGUAS, PR 00726-5309

STEEL SERVICES & SUPPLIES, INC.
PO BOX 2528
TOA BAJA, PR 00951-2528

SUSANA AVAGNINA GONZALEZ
ENTRE RIOS
CALLE PLAYA SERENA #152
TRUJILLO ALTO, PR 00976

TECNO LITE DE PR, INC.
PO BOX 3977
CAROLINA, PR 00984-3977

TEDDY RENTAL REPAIR & SERVICES
PO BOX 10953
SAN JUAN, PR 00922-0953

UNITED STEEL WORKERS
C/O JUAN ROMAN
BLOQUE 10 #1 AGUAS BUENAS AVE.
BAYAMON, PR 00959

US DEPARTAMENT OF JUSTICE
PO BOX 227
BEN FRANKLIN STATION
WASHINGTON, DC 20044-0227

VANESSA BIBILONI VAZQUEZ
HC-06  BOX 75559
BO. RIO CA AS
CAGUAS, PR 00725-9521

WILLIAM BIRRIEL
HC-03  BOX 12218
CAROLINA, PR 00987-9617

WILLIAM HERNANDEZ
HC-02  BOX 13602
AGUAS BUENAS, PR 00703-9608

CARMEN D CONDE TORRES
254 SAN JOSE STREET
5TH FLOOR
SAN JUAN, PR 00901-1523

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901

End of Label Matrix
Mailable recipients    81
Bypassed recipients     0
Total                  81